IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Lisa Holt, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:15-cv-851 |
| LVNV Funding, LLC, a Delaware limited liability company, and Financial Recovery Services, Inc., a Minnesota corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT -- CLASS ACTION**

Plaintiff, Lisa Holt, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**PARTIES**

3.   Plaintiff, Lisa Holt ("Holt"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which she allegedly owed for a Capital One credit card.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like Defendant Financial Recovery Services.

6. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant FRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant FRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants LVNV and FRS are each authorized to conduct business in Indiana, and maintain registered agents here, <u>see</u>, records from the Indiana Secretary of State, attached as Group Exhibit <u>A</u>. In fact, each of the Defendants conducts business in Indiana.

8. Defendants LVNV and FRS are each licensed as debt collection agencies

in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, each of the Defendants acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

9. During 2004, Ms. Holt fell behind on paying her bills, including a debt she allegedly owed for a credit card account. At some point in time after that debt became delinquent, it was allegedly bought/obtained by LVNV, which began trying to collect it by having Defendant FRS send Ms. Holt a collection letter, dated October 6. This letter claimed that Ms. Holt owed LVNV a balance of $1,189, which was comprised of $576 in principal and $613 interest. This letter also noted that:

* * *

> THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, LVNV FUNDING LLC WILL NOT SUE YOU FOR IT.

* * *

A copy of Defendants' letter is attached as Exhibit C.

10. Nonetheless, Defendants then demanded that Plaintiff pay this debt by paying it in full or paying it via one of three payment plans, which would then result in Ms, Holt being "RELEASED FROM ALL LIABILITY RELATIVE TO THE ABOVE LISTED ACCOUNT." Defendants' letter further warned Ms. Holt that if she did not pay the debt in full that: "LVNV FUNDING LLC IS REQUIRED BY THE IRS TO PROVIDE INFORMATION ABOUT CERTAIN AMOUNTS THAT ARE DISCHARGED AS A RESULT OF A CANCELLATION OF A DEBT ON A FORM 1099C." See, Exhibit C.

11. In fact, Ms. Holt's time-barred was not subject to a 1099-C report of debt cancellation, no matter what alleged "discounted" amount she paid. First, only when

principal of more than $600 is "written off" would a 1099-C/report of debt cancellation need to be made to the I.R.S..  Second, a 1099-C/report of debt cancellation is only required when a triggering event has occurred and none could or would have occurred vis-a-vis the Defendants and Ms, Holt.

12.   Moreover, although Defendants' collection letter provided information that the debt might be time-barred, they contradicted that information by claiming that Ms. Holt had to pay the debt to "BE RELEASED OF ALL LIABILITY".  See, Exhibit C.

13.   Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.   Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

15.   Plaintiff adopts and realleges ¶¶ 1-14.

16.   Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including falsely representing the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A), as well as threatening to take any action that cannot legally be taken, see, 15 U.S.C. § 1692e(5).

17.   Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and McMahon v. LVNV Funding, 744 F.3d 1010, 1020-1021 (7th Cir. 2014).

18. Although Defendants provided information that the debt might be time-barred, they contradicted that information by claiming that only payment of the debt would release Ms. Holt from liability. In fact, the expiration of the statute of limitations had already released Ms. Holt from liability.

19. Moreover, Defendants' reference to 1099-C debt cancellation is also false, deceptive and misleading because it would cause a consumer to overpay on a debt so as to not have to deal with the I.R.S., or pay taxes on the amount that was allegedly "forgiven".

20. By sending the collection letter (Exhibit C) for a debt that was time-barred, and claiming only payment would release the consumer from liability, and by threatening to issue a 1099-C when none was possible, Defendants violated § 1692e of the FDCPA.

21. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

22. Plaintiff adopts and realleges ¶¶ 1-14.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Defendants, by claiming that only payment of the debt would release Ms. Holt from liability, when, in fact, the expiration of the statute of limitations had already

released Ms. Holt from liability, and by claiming that a 1099-C/debt cancellation report may have to be made if any of the debt was "forgiven", used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

25. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

26. Defendants' violations of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

27. Plaintiff, Lisa Holt, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Capital One credit card, via the same form collection letter (Exhibit <u>C</u>), that Defendants sent to Plaintiff, as to which the principal balance was less than $600, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

28. Defendants LVNV and FRS regularly engage in debt collection, using the same form collection letter they sent Plaintiff Holt, in their attempts to collect delinquent consumer debts from other consumers.

29. The Class consists of more than 35 persons from whom Defendants LVNV and FRS attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Holt.

30. Plaintiff Holt's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

32. Plaintiff Holt will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Holt has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Lisa Holt, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Holt as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Holt and the Class, and against Defendants LVNV and FRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lisa Holt, individually and on behalf of all others similarly situated, demands trial by jury.

                                                Lisa Holt, individually and on
                                                behalf of all others similarly situated,

                                                By: /s/ David J. Philipps_____
                                                One of Plaintiff's Attorneys

Dated: May 29, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

8