UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA HOLT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) 1:15-cv-00851-RLY-DKL ) ) |
| LVNV FUNDING, LLC, a Delaware limited liability company, and FINANCIAL RECOVERY SERVICES, INC., a Minnesota corporation, | ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, Lisa Holt, filed this action against Defendants, LVNV Funding, LLC and Financial Recovery Services, Inc., pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. This matter now comes before the court on Defendants' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the court **DENIES** Defendants' motion.

**I. Background**

Plaintiff owed a debt on a Capital One credit card that became delinquent in 2004. (Filing No. 1, Complaint at ¶¶ 3, 9). Sometime thereafter, Defendant LVNV Funding, LLC ("LVNV") purchased the debt and retained Defendant Financial Recovery Services,

Inc. ("FRS") to collect it. (*Id.* at ¶ 9). FRS' collection efforts included mailing Plaintiff a dunning letter[1] on October 6, 2014 (the "Letter"). (*Id.*; *see* Filing No.1-3, Exhibit C).

The Letter claims Plaintiff owes LVNV a balance of $1,189.99, which is comprised of $576.73 in principal and $613.26 in interest. (Exhibit C). Below this, the Letter states, "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, LVNV FUNDING LLC WILL NOT SUE YOU FOR IT." (*Id.*). The Letter goes on to outline four "ACCOUNT REDUCTION OPPORTUNITIES," including paying the account in full with a one-time payment of the full balance and settling the account in full by making a one-time payment of 35% of the balance. The Letter then provides,

> PLEASE MARK YOUR CHOICE WITH AN "X" IN THE SPACE PROVIDED AND FORWARD WITH YOUR PAYMENT TO THE ADDRESS LISTED BELOW OR PAY ONLINE. WE ARE NOT OBLIGATED TO RENEW OFFERS 2 THROUGH 4 ABOVE. FOR OFFERS 2 AND 3 ABOVE, WHEN YOU HAVE SATISFIED THIS AGREEMENT, THE ACCOUNT(S) WILL BE CONSIDERED SETTLED IN FULL FOR LESS THAN THE FULL BALANCE AND YOU WILL BE RELEASED OF ALL LIABILITY RELATIVE TO THE ABOVE LISTED ACCOUNT(S). LVNV FUNDING LLC IS REQUIRED BY THE IRS TO PROVIDE INFORMATION ABOUT CERTAIN AMOUNTS THAT ARE DISCHARGED AS A RESULT OF A CANCELLATION OF A DEBT ON A FORM 1099C. IF LVNV FUNDING LLC IS REQUIRED TO NOTIFY THE IRS, YOU WILL RECEIVE A COPY OF THE FORM 1099C THAT IS FILED WITH THE IRS. WE RECOMMEND THAT YOU CONSULT INDEPENDENT TAX COUNSEL OF YOUR OWN CHOOSING IF YOU DESIRE ADVICE ABOUT ANY TAX CONSEQUENCES WHICH MAY RESULT FROM THIS SETTLEMENT.

(*Id.*).

---

[1] "A dunning letter is the same as a collection letter." *Jolly v. Shapiro*, 237 F. Supp. 2d 888, 892 n.3 (N.D. Ill. 2002).

## II. Legal Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). In order to survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of ruling on Defendants' motion, the court accepts Plaintiff's well-pleaded factual allegations as true and construes all reasonable inferences in her favor. *Tierney v. Advocate Health & Hosps. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015).

## III. Discussion

Plaintiff filed her Complaint pursuant to the FDCPA, which Congress passed in order to "eliminate the many evils associated with debt collection." *Bentrud v. Bowman*, 794 F.3d 871, 874 (7th Cir. 2015). Specifically, Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692e and 1692f. Section 1692e broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Similarly, Section 1692f makes it unlawful for debt collectors to "use unfair or unconscionable means to collect or attempt to collect any debt." In reviewing Plaintiff's claims, the court must view the Letter through the perspective of an

"unsophisticated consumer." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 273 (7th Cir. 2014). The *Gruber* court explained,

> Although the hypothetical unsophisticated consumer is not as learned in commercial matters as are federal judges, he is not completely ignorant either. *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). On the one hand, the unsophisticated consumer may be "uninformed, naive, or trusting," but on the other hand the unsophisticated consumer does "possess[] rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Id.* (citations omitted). Additionally, while the unsophisticated consumer "may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Id.* . . . In short, the unsophisticated consumer is not the least sophisticated consumer.

*Id.* at 273-74.

### A. Section 1692e

Again, Section 1692e states, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Whether an unsophisticated consumer would be misled by the Letter is a question of fact, and "[d]ismissal is appropriate only when 'it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (quoting *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012)). Put another way, if a plaintiff's allegation concerning the confusing nature of a collection letter is "well-pleaded," the complaint "avoids dismissal on a Rule 12(b)(6) motion." *Zemeckis*, 679 F.3d at 636. *See McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("We have cautioned that a district court must tread carefully before

4

holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects.") (internal citation and quotation marks omitted). Plaintiff alleges that Defendants violated § 1692e when they (1) attempted to collect "a debt that was time-barred," (2) claimed "only payment of the debt would release [Plaintiff] from liability," and (3) "threaten[ed] to issue a 1099-C" debt cancellation report. (Complaint at ¶¶ 17-20).

First, Plaintiff argues that attempts to collect time-barred debts violate the FDCPA. Plaintiff paints with too broad of a brush here. The law is more nuanced than this sweeping proposition. Initially, Plaintiff's premise is right--*her* debt is, in fact, time-barred. In Indiana, an action to recover a debt must be commenced within six years of the last payment. Ind. Code § 34-11-2-9. Additionally, the Fair Credit Reporting Act prohibits credit reporting agencies from reporting a debt as delinquent after seven years. 15 U.S.C. § 1681c(a)(4). Here, over nine years have passed since Plaintiff last made a payment on the debt at issue. This means that Plaintiff cannot be sued on the debt, and no credit reporting agency can list the debt as delinquent. Critically though, this does *not* mean that Plaintiff's debt magically disappeared: "It is true that LVNV cannot file a lawsuit, but it is the law in Indiana that the debt is still owed. The statute of limitations does not extinguish the debt, it merely limits avenues of collection." *Donaldson v. LVNV Funding, LLC*, 97 F. Supp. 3d 1033, 2015 U.S. Dist. LEXIS 45134, at *13 (S.D. Ind. 2015). *See Collection of Old Debts*, Indiana Department of Financial Institutions, http://www.in.gov/dfi/2537.htm (last visited November 19, 2015) ("[A] time-barred debt

is one which can no longer be collected by legal means due to the passage of time, e.g. -- lawsuits, wage garnishment, liens on real estate, etc. The statute of limitations does not extinguish the debt; it merely limits the judicial remedies available.").

Additionally, in *McMahon*, the Seventh Circuit made clear that Plaintiff's position is a misstatement of the law: "We do not hold that it is automatically improper for a debt collector to seek repayment of time-barred debts; some people might consider full debt repayment a moral obligation, even though the legal remedy for the debt has been extinguished." 744 F.3d at 1020. Thus, sending a dunning letter in an attempt to collect a stale debt does not, in and of itself, violate the FDCPA. *Id.* However, *suing* to collect a time-barred debt is unquestionably an FDCPA violation. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (concluding if the plaintiff's allegations were true-that she had been sued by a debt collector to collect on a debt "after the statute of limitations on the creditor's claim had run"-then the debt collector's "*suit* violated the Fair Debt Collection Practices Act") (emphasis added). That did not occur in this case. Indeed, the Letter expressly provides that LVNV will not sue Plaintiff. (Exhibit C).

Second, Plaintiff claims Defendants' use of the word "liability" in the Letter is misleading and deceptive because LVNV was time-barred from filing suit to collect the debt. Plaintiff recognizes that Defendants included a disclaimer regarding the statute of limitations ("THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, LVNV FUNDING LLC WILL NOT SUE YOU FOR IT."), but she claims Defendants' subsequent discussion of releasing her from

"all liability" overshadowed the disclaimer and rendered it ineffective. Defendants first retort that the term "liability" does not exclusively refer to legal responsibility. Ironically, their own definitions betray them. *See* Black's Law Dictionary (10th ed. 2014) (defining "liability" as "the quality, state, or condition of being *legally* obligated or accountable; *legal* responsibility to another or to society, enforceable by civil remedy or criminal punishment") (emphasis added). Defendants also quote the Cambridge English Dictionary's "English" definition of the term ("the responsibility of a person, business, or organization to pay or give up something of value") in support, but noticeably omit the "business" definition of the term provided by that same dictionary ("legal responsibility for something"). *Liability*, Cambridge English Dictionary, http://dictionary.cambridge.org/us/dictionary/english/liability (last visited November 19, 2015).

Even if this second definition did not exist, the court is skeptical that an unsophisticated consumer would seek out the Cambridge English Dictionary for clarity on this matter. Rather, if a consumer conducted a simple Google search for the term "liability," which the court finds much more likely, she would see that the very first result is a definition of the term that refers to legal responsibility: "the state of being responsible for something, especially by law." *Liability*, Google, https://www.google.com (last visited November 19, 2015). *See McMahon*, 744 F.3d 1010 at 1021 (explaining that a consumer might search Google and then click on a Wikipedia entry to learn what was meant by the phrase "offer to settle"). *See also Liable*, Merriam-Webster,

7

http://www.merriam-webster.com/dictionary/liable ("legally responsible for something; likely to be affected or harmed by something; likely to do something").

Defendants use their understanding of the term "liability" to argue that an unsophisticated consumer, who is "capable of making basic logical deductions and inferences," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), would read the Letter as a whole and conclude: "This debt is too old for the creditor to sue me, but the creditor is still asking me to settle my account. I must still be responsible for the debt. This letter says if I settle, I won't be responsible for the debt anymore." This reading of the Letter, while perhaps reasonable to those trained in the law, is asking too much of the unsophisticated consumer. The Letter initially notes that LVNV will not sue the consumer, but then goes on to explain that the consumer "will be released from all liability" if she accepts a "settlement" offer. An unsophisticated consumer tends to read collection letters literally, *Gruber*, 742 F.3d at 274, and thus could be confused by what she perceives to be contradictory language. *See McMahon*, 744 F.3d at 1022 ("[W]e conclude that an unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'"). As recognized by the Seventh Circuit in *McMahon*, the Federal Trade Commission has found that "most consumers do not know or understand their legal rights with respect to the collection of time-barred debt" and "consumers often do not know that in many states the making of a partial payment on a stale debt actually revives the entire debt even if it was otherwise time-barred." *Id.* at 1015. Accordingly, the court cannot conclude that "not even a significant fraction of the population would be misled by" the Letter. *Id.* at 1020.

On this basis alone, Plaintiff has stated a plausible claim for relief under § 1692e. Judgment on the pleadings in favor of Defendants is therefore not warranted. Thus, the court need not consider the parties' arguments regarding the 1099-C debt cancellation report.

### B. Section 1692f

Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute provides illustrative examples of conduct that violates this section, including "threatening to take action that cannot legally be taken," implying "that communication is from an attorney," and failing to disclose "that the debt collector is attempting to collect a debt." *Id.* Nonetheless, the Seven Circuit bemoaned, "Unfortunately, the statute does not define the phrase 'unfair or unconscionable,' and we have called the phrase 'as vague as they come.'" *Bentrud*, 794 F.3d at 874. As with § 1692e, "Whether a particular collection practice other than those specified in §1692f qualifies as unfair or unconscionable is assessed objectively and is a question for the jury unless reasonable jurors could not find that the practice described rose to that level." *Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013).

Plaintiff alleges that Defendants violated § 1692f when they claimed (1) "only payment of the debt would release [Plaintiff] from liability," and (2) "a 1099-C/debt cancellation report may have to be made if any of the debt was 'forgiven.'" (Complaint at ¶ 24). First, Defendants simply repeat arguments advanced in favor of dismissing the § 1692e claim. They assert that the Letter did not violate § 1692f for all the reasons that it

9

did not violate § 1692e.  For reasons discussed above, the court finds that a reasonable jury could find that the Letter was unfair or unconscionable.

Defendants next argue that Plaintiff's § 1692f claims fails as a matter of law because it is based upon the same conduct as the § 1692e claim.  In other words, § 1692e and § 1692f are mutually exclusive, and a consumer may pursue a claim under one or the other, but not both.  Unfortunately, Defendants fail to provide any substantive analysis on this argument.  Defendants assert that "the greater majority of courts" have come to this conclusion, and then string cite an army of district court cases in support.  Noticeably, Defendants fail to cite to a single Seventh Circuit court that has adopted their position.  Regardless, all of the cases cited by Defendants are from district courts, meaning that they are not binding upon this court.  *See Am. Elec. Power Co. v. Connecticut*, 131 S. Ct. 2527, 2540 (2011) ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court.").  In addition to only citing to non-binding authority, Defendants make no effort to provide the reasoning of these district courts, much less explain why this court should hold likewise.  There is also no discussion of how the plain language, the legislative history, or the Congressional purpose of the FDCPA supports Defendants' position.  Accordingly, Defendants have waived this argument.  *See Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011) ("We have repeatedly held that undeveloped arguments are considered waived.").

Notwithstanding Defendants' waiver, federal courts appear to disagree on this issue.  *Compare Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014)

("While 'misleading' practices under § 1692e and 'unfair' practices under § 1692f reference separate categories of prohibited conduct, they are broad, potentially overlapping, and are not mutually exclusive.")[2] *with Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) ("Plaintiffs' [claim for relief under § 1692f] is deficient in that it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA."). The Seventh Circuit has not expressly weighed in on this issue though. However, as Plaintiff notes, the court has allowed claims under both § 1692e and § 1692f for the same conduct without a discussion of mutual exclusivity. *See e.g., McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 760-65 (7th Cir. 2006); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565-66 (7th Cir. 2004). Additionally, dicta in *Phillips* suggest this practice is permissible:

> The plaintiff, a consumer, was sued by Asset Acceptance, a debt collector that is the defendant in this case, for a debt arising from her purchase of natural gas for household use. She riposted with the present suit, which charges that Asset Acceptance sued her after the statute of limitations on the creditor's claim had run. If this is true, Asset Acceptance's suit violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*; *see* §§ 1692e, 1692f; *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32-33 (3d Cir. 2011) (per curiam); *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332-33 (6th Cir. 2006); *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870, 875-76 (N.D. Ill. 2009).

---

[2] It is worth noting that the single case Defendants quote in support of this argument is from the Southern District of Ohio. *See Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001) ("While § 1692d prohibits 'harassment or abuse,' and § 1692e forbids 'false or misleading representations,' § 1692f serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e."). Yet, the Sixth Circuit's subsequent holding in *Currier* directly contradicts this language in *Edwards*. While the *Currier* court did not cite *Edwards*, it would seem that *Currier* overruled *Edwards* in this respect.

736 F.3d at 1079 (some citations omitted). The *Phillips* court's citation to § 1692e *and* § 1692f implies that a debt collector violates *both* sections if it sues to collect a time-barred debt. Indeed, that is precisely what the District Court for the Northern District of Illinois held in *Herkert*, 655 F. Supp. at 873, 880-81, a case that the Seventh Circuit cited with support in the language quoted above. Thus, while no Seventh Circuit case squarely addresses this issue, *McMillan*, *Fields*, and *Phillips* cumulatively suggest that §§ 1692e and 1692f are not mutually exclusive.

## IV. Conclusion

For the foregoing reasons, the court **DENIES** Defendants' Motion for Judgment on the Pleadings (Filing No. 18).


**SO ORDERED** this 30th day of November 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.